**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Suzanne Coleman f/k/a Suzanne Rezendes

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUZANNE COLEMAN F/K/A SUZANNE REZENDES,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL & ASSOCIATES, PC, A PROFESSIONAL CORPORATION,**<br><br>Defendant. | Case No.: **'17CV1133 L    BLM**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>I.   **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ**.<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///

Case # 17-cv-                                *Coleman v. Michael & Associates, PC, A Professional Corporation*
**COMPLAINT**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. SUZANNE COLEMAN F/K/A SUZANNE REZENDES ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of MICHAEL & ASSOCIATES, PC, A PROFESSIONAL CORPORATION ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

14. Defendant is a law firm operating in the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

16. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Sometime prior to 2016, Plaintiff incurred a debt to the original creditor, Bank of the West, for a consumer credit card.

19. This account was transferred to Defendant for collection after Plaintiff defaulted.

20. In this regard, Defendant initiated multiple telephonic and written communications to Plaintiff throughout 2016.

21. On September 23, 2016, Defendant sent Defendant's final written communication to Plaintiff.

22. This September 23, 2016 was personally signed by Lina Michael, Esq., Defendant's principal attorney.

23. The September 23, 2016 written communication stated the following:

> Please be advised that this office is in the process of filing a lawsuit against you on behalf of the above-referenced creditor for the above-referenced balance owed.

24. Moreover, the September 23, 2016 written communication also stated:

> Please be further advised that this intended legal action against you could result in a judgment against you that would include the actual cost of the filing fee and the actual cost of service of process. This statement is made to fulfill the requirements for an award of such costs and necessary disbursements pursuant to *California Code of Civil Procedure* § 1033.

25. No such lawsuit has been filed against Plaintiff by either Defendant nor Bank of the West despite representing that Defendant was in the process of filing said lawsuit approximately nine months ago.

26. The threat to file a lawsuit against Plaintiff on behalf of the original creditor for more than $31,000 plus court costs was intended to induce a false sense of urgency of behalf of Plaintiff.

27. The tone of Defendant's written communication was one of intimidation and was intended to unfairly effect collection of Plaintiff's debt.

28. Said written communication was also designed to instill the belief that dire consequences would occur absent payment by Plaintiff.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

///

///

31. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that was not intended to be taken in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(j) by falsely representing that a legal proceeding was about to be instituted against Plaintiff by Bank of the West through Defendant unless Plaintiff made a payment towards Plaintiff's debt.

36. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.

///
///
///
///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

42. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,
- Any and all other relief the Court deems just and proper.

Dated: June 6, 2017                                                                                   Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**

                                                      By: ___/s/ Matthew M. Loker___
                                                          MATTHEW M. LOKER, ESQ.
                                                          ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 6, 2017                                   **KAZEROUNI LAW GROUP, APC**

                                                    By: ___/s/ Matthew M. Loker___
                                                          MATTHEW M. LOKER, ESQ.
                                                          ATTORNEY FOR PLAINTIFF